MEMORANDUM *
Edward Boracchia and Boracchia & Associates (collectively, “Boracchia”) appeal the district court’s order dismissing their claims as time-barred under the statute of limitations. We affirm in part, reverse in part, and remand for further proceedings.
The question before us in this case is whether the district court properly applied the Indiana Uniform Commercial Code (“Indiana UCC”) and its four-year statute of limitations, Ind.Code § 26-1-2-725(1) (2008), to bar Boracchia’s breach of contract claim. Biomet argues that Bo-racchia waived any challenge to whether the Indiana UCC applies, and any arguments that the Indiana twenty-year statute of limitations applies, by failing to raise such arguments before the district court in their opposition to Biomet’s Motion to Dismiss. Boracchia did not discuss the applicable statute of limitations in their opposition to Biomet’s Motion to Dismiss, but raised the issue at oral argument. At the hearing, the district court reprimanded Boracchia’s attorney for failing to make the arguments in their opposition brief, but did not as its ratio decidendi state that the arguments were waived. In its written order, district court stated that Bo-racchia’s arguments regarding the Indiana twenty-year statute were “not well taken” and held that the Indiana UCC’s four-year statute of limitations barred Boracchia’s claim. Boracchia’s arguments were preserved for appeal because they were raised before the district court at oral argument and the district court ruled on the merits of these arguments in its written order.[1] *271 Although sometimes it may be obvious from the context that the judge is treating the claim as waived, here it was not and the judge did not say that he was treating it as waived.
The parties’ contract contained a choice of law provision selecting Indiana law. The district court, sitting in diversity in California, applied California’s choice of law principles and found that the choice of law provision of the contract was enforceable for the purpose of determining the statute of limitations. Hatfield v. Halifax PLC, 564 F.3d 1177, 1182 (9th Cir.2009) (applying California choice of law principles) (citing Hambrecht & Quist Venture Partners v. Am. Med. Int’l Inc., 38 Cal.App.4th 1532, 46 Cal.Rptr.2d 33, 41 (1995)). We agree.
The contract, although entitled a “distributorship agreement,” was an agency contract for services, not a contract for the sale of goods. Its language, the testimony and declarations, and the language of the termination letter, make it plain that Biomet’s “devices” were to be sold by Biomet to the hospitals, and that none of the devices were sold to Boracchia. All that Boracchia bought were the “instruments,” not the “devices,” and the termination letter provided for repurchase of the “instruments” but not the inventory of devices. Thus, the Indiana UCC and its four-year statute of limitations do not apply. See Ind.Code § 26-1-2-102 (2008); Insul-Mark Midwest v. Modern Materials, 612 N.E.2d 550, 553 (Ind.1993).
Indiana law provides a general statute of limitations for actions on written contracts not governed by the Indiana UCC or another specific statute of limitations. Indiana’s general statute of limitations for written contracts entered into before 1982 is twenty years. Ind.Code § 34-11-2-11 (2008); cf. Meisenhelder v. Zipp Exp., Inc., 788 N.E.2d 924, 930 (Ind.Ct.App.2003). Given that Boracchia’s claim for breach of contract accrued in 1995, see Meisenhelder, 788 N.E.2d at 930, Boraec-hia’s suit was timely. Thus, we reverse the district court’s dismissal of Boracchia’s breach of contract claim, and remand to the district court for further proceedings on this claim.
The district court also granted summary judgment against Boracchia on claims arising under the California Independent Wholesale Representatives Contractual Relations Act of 1990, Cal. Civ.Code § 1738, and the California Business and Professional Code 17200. Cal. Bus. Prof. Code § 17200. We affirm. Whether Bo-racchia waived these claims by failing to argue them in their opening brief on appeal, see Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir.2003), or whether the claims are barred by the statute of limitations (as the district court correctly held, both claims are subject to four-year statutes of limitation and accrued in 1995), the claims were properly dismissed.
AFFIRMED in part, REVERSED in part, REMANDED. Each party shall bear its own cost on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The issue of waiver is indeed close as our dissenting colleague ably demonstrates. Carmen v. San Francisco United School District, 237 F.3d 1026 (9th Cir.2001), addresses what *271 is required of a trial judge when facts for a genuine issue are set out in papers other than the opposition brief and the documents to which it refers. Carmen does not address the problem of insufficient argumentation in the opposition or hearing on the motion for summary judgment. While the record in district court is ambiguous on whether the judge was addressing the merits or waiver, we think the better reading is that he was addressing the merits. We cannot help but be influenced by the clear correctness of the proposition that Biomet simply and clearly on the record did not sell the medical devices to Boracchia, so the error in applying the statute of limitations for the sale of goods is crystal clear.